IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JODY MANNING, | |
| Plaintiff, | |
| VS. | NO. 7:05-CV-90 (RLH) |
| ROBERT ELLIS, individually and in his official capacity as District Attorney for the Alapaha Judicial Circuit, The State of Georgia, | |
| Defendants. | |

**O R D E R**

This is a civil action brought under Title 42 U.S.C. § 1983 in which it is alleged that the defendant individually and in his official capacity as the District Attorney for the Alapaha Judicial Circuit violated the constitutional rights of the plaintiff. Plaintiff also brings pendant state law claims against this defendant. Without going into unnecessary detail here plaintiff alleges generally that subsequent to being arrested and charged with certain criminal offenses within the Alapaha Judicial Circuit she was forced by the defendant into repeated sexual liaisons with him.

The defendant was prosecuted by the Office of the United States Attorney for the Middle District of Georgia as the result of his conduct towards the plaintiff. Plaintiff is seeking to discover certain information contained in the records of the Office of the United States Attorney regarding this matter. The contents of the file regarding this prosecution are subject to the restrictions of the Privacy Act (5 U.S.C. § 552a) and may not be released in the absence of a Court Order to that effect (5 U.S.C. § 552a(b)(11)).

The plaintiff and a member of the Office of the United States Attorney prepared a "Stipulated Protective Order Regarding the Privacy Act" and a proposed Court Order which would authorize release of requested information subject to certain limitations and restrictions. The defendant filed objections to the release of any materials contained in the U. S. Attorney's file that was subject to the Privacy Act.  Inasmuch as one may rightfully infer or conclude that the information sought to be discovered will be hurtful to the defendant it is understandable that he would object to its release under any set of circumstances.

On February 14, 2006, the Court convened a telephone conference with plaintiff's counsel, defendant's counsel and an Assistant United States Attorney relative to the Proposed Stipulation and the Objection thereto.  At the conclusion of the conference the Court took the matter under advisement in order to determine to what extent, if any, matters covered by the Privacy Act are discoverable in civil litigation.

The best opinion the Court could find on point is nineteen years old, was decided by the United States Court of Appeals for the District of Columbia Circuit and involved former United States Senator from Nevada, Paul Laxalt.  The Court here finds this case to be persuasive. In Laxalt v. McClatchy, et al., 809 F.2d 885 (D.C. Cir. 1987)[1] Laxalt was suing some newspapers and their employees in a libel action.  In defending this action the defendants were seeking materials contained in FBI files protected by the Privacy Act regarding individuals with alleged ties to organized crime making political contributions to Laxalt.  The district court refused to allow any discovery of Privacy Act materials absent a showing of a specific need beyond

---

[1] In an unpublished opinion in the Eastern District of Michigan, Magistrate Judge Pepe determined in 2001 that Laxalt was still good law.  See Lynn v. Radford, 2001 WL 514360 (E.D. Mich.)

relevance to the underlying litigation.  Finding that the district court applied the wrong legal standard the circuit court vacated and remanded and in so doing stated:

> Nor does the [Privacy] Act create any other kind of privilege or bar that requires a party to show actual need as a prerequisite to invoking discovery.  Rather the plain language of the statute permits disclosure "pursuant to the order of a court of competent jurisdiction."  5 U.S.C. § 552a(b)(11) (1982).  Neither the stature nor anything in its legislative history specifies the standards for issuance of such a court order.  We therefore find no basis for inferring that the statute replaces the usual discovery standards of the FRCP – in particular, Rules 26 and 45(b) – with a different and higher standard.

Id. at 888.

> Once again,  we indicate that, absent an express congressional intent to the contrary, the standards set forth in the FRCP must be followed with respect to discovery requests in District Court.  <u>We therefore hold that a party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the FRCP.</u>
>
> The fact that a document is subject to the Privacy Act is not, however, irrelevant to the manner in which discovery should proceed.  Although discovery standards under the FRCP permit access to relevant documents protected by the Act, those same FRCP standards give the District Court ample discretion to fashion appropriate protective orders upon a showing of "good cause" Fed. R. Civ. P 26(c).  Where the records sought are subject to the Privacy Act, the District Court's supervisory responsibilities may in many cases be weightier than in the usual discovery context.

Id. at 889. (Emphasis added).

Judge Edwards in Laxalt went on to encourage *in camera* inspections to determine relevancy and other restrictions before the materials covered by the Privacy Act were produced.  The Court deems such to be appropriate in this case.  Accordingly, plaintiff shall identify the materials sought to be discovered.  The representative of the Office of the United States Attorney

3

for the Middle District of Georgia shall provide the requested materials to the court for an *in camera* inspection. Any materials ordered to be produced by the court may be viewed only in the office of plaintiff's counsel and discussed only among plaintiff's attorneys, their employees and the plaintiff. Provided further, that any materials produced shall be returned to the Office of the United States Attorney by plaintiff's counsel after the expiration of sixty (60) days from the date of receipt. Plaintiff's counsel may move of an extension of the sixty (60) day period if needed. Plaintiff's counsel is discouraged from making copies of any materials produced. Any copies made shall be shredded when plaintiff's counsel returns the materials to the Office of the United States Attorney. The defendant may request a copy of any materials ordered produced subject to the same limitations placed on plaintiff's counsel in this order. The representative of the Office of the United States Attorney is encouraged to discuss with the court any other restrictions which they may wish imposed on the release of these materials which may be later added as a condition of their release to plaintiff's counsel.

SO ORDERED, this 6th day of March 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE