IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JODY MANNING,

    Plaintiff,

VS.

ROBERT ELLIS, individually and in his
official capacity as District Attorney for
THE ALAPAHA JUDICIAL CIRCUIT,
THE STATE OF GEORGIA,

    Defendants.

CIVIL ACTION FILE
NO. 7:05-CV-90 (RLH)

**O R D E R**

    This is a civil action seeking monetary damages in which the plaintiff is alleging that the defendants violated her constitutional rights.  Plaintiff also brings certain pendant State law claims against these defendants.  All parties have heretofore consented for the undersigned full-time United States Magistrate Judge for the Middle District of Georgia to conduct any and all proceedings in connection with this action, including, but not limited to, the trial of said case and the ordering of the entry of judgment.

    The defendant, Robert Ellis, was at all times pertinent to the circumstances giving rise to this lawsuit, the duly elected District Attorney of the Alapaha Judicial Circuit located within the State of Georgia.  The gravamen of plaintiff's complaint is essentially that while she was a criminal defendant within the Alapaha Judicial, and supposedly acting as a confidential informant at the behest of the defendant Ellis and others, defendant Ellis forced the plaintiff to have sex with him against her wishes on more than one occasion.  These actions, according to the plaintiff, constituted rape, assault and battery and intimidation by the defendant Ellis.

Plaintiff is proceeding against defendant Ellis in both his individual and official capacities as the District Attorney for the Alapaha Judicial Circuit. Plaintiff also brings official capacity claims against the State of Georgia and possibly the District Attorney's Office.

The 'State defendants', Robert Ellis in his official capacity as District Attorney for the Alapaha Judicial Circuit, the Alapaha Judicial Circuit, the Office of the District Attorney and the State of Georgia have filed a Motion to Dismiss the complaint as to them predicated upon Eleventh Amendment immunity and certain portions of the Georgia Tort Claims Act relating to the various state law claims.

**Discussion**

    **a. Eleventh Amendment Immunity**

The Eleventh Amendment to the Constitution of the United States provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

> While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another State.

Edelman v. Jordan, 415 U.S. 651, 663-64 (1974). "Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred by the Eleventh Amendment." Id. at 664. The immunity provided to the states by the Eleventh Amendment also attaches to and protects individuals who are sued in their official capacities as well as state agencies and entities. This is because a suit against a state employee in his official capacity or against a state agency is in essence a suit against the state as

any monetary judgment obtained would be satisfied from state funds.  Will v. Michigan Dept. Of State Police, 491 U.S. 58 (1989).

There are however two ways in which this immunity can be over come.  The first is in the form of an explicit Congressional override of this immunity.  The second is for a State to explicitly and clearly waive their immunity.  Neither has happened here.  Courts have ruled that § 1983 is not a Congressional abrogation of Eleventh Amendment immunity.  Gamble v. Florida Dept. Of Health & Rehab. Services, 779 F.2d 1509, 1512 (1986).  "No waiver of sovereign immunity . . . shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution."  Ga. Const. Art 1, Section 2, para. 9(f).

> Under Georgia law, the district attorney and assistant district attorney are officials of the State.  Ga. Off'l Code Ann. §§ 15-18-1 to 15-18-27(1982) (compensated with State funds, districts cross county boundaries). Plaintiff's suit against defendants in their official capacities therefore, is tantamount to an action against the State of Georgia.  Because the State has not waived its Eleventh Amendment immunity, defendants in their official capacities, are immune from suit.

Mullinax v. McElhenney, 672 F. Supp 1449, 1451 (N.D. Ga. 1987).

It therefore seems clear that the official capacity claims brought against defendants Ellis, the District Attorney's Office, the Alapaha Judicial Circuit and the State of Georgia must be dismissed as these claims are in fact claims against the State of Georgia which is clearly protected by Eleventh Amendment immunity.  In her responsive brief in opposition to defendants' motion to dismiss, plaintiff does not appear to oppose or disagree with the fact that the Eleventh Amendment protects these defendants in their official state capacities.

Plaintiff does however attempt to skirt official capacity or Eleventh Amendment immunity

by taking the position that defendant Ellis was a county as opposed to State employee.  In attempting to show that in his alleged actions involving plaintiff, defendant Ellis was acting as a county employee, although no county has been named as a defendant, plaintiff relies on the case of Owens v. Fulton County, 877 F.2d 947 (11th Cir. 1989).  Owens, like Mullinax clearly holds that insofar as 'prosecutorial decisions or functions' are concerned district attorneys in Georgia are state officials and therefore protected by the Eleventh Amendment.

Plaintiff appears to rely on the following language as authority for her theory that defendant Ellis was acting for an unnamed county.  "If, for example, Owens' grievance had involved an employment termination by the district attorney, which is an administrative function, such act might be characterized as an exercise of county power."  Owens at 877 F.2d 952.[1]

While the court might find plaintiff's attempt to circumnavigate the Eleventh Amendment novel it does not find it persuasive.  Plaintiff was a defendant charged with a drug related felony.  That she was willing to attempt to improve her situation cooperating with and providing information to law enforcement authorities which would be of benefit to them in other prosecutions and that this arrangement was evidently acceptable to defendant Ellis hardly creates an employment or administrative relationship.  The decision to allow plaintiff to help herself by providing needed information regarding other criminal activity to her prosecutor is clearly a prosecutorial action.  Defendant Ellis was a state officer acting in his official capacity insofar as his dealings with plaintiff were concerned.  He and the other state defendants are therefore

---

[1] This theory however causes one to ponder, if plaintiff acting as a confidential informant was found to be a county employee supervised by defendant Ellis to the extent that his actions toward her were administrative in nature and therefore binding on the unnamed county, would this finding not also demand a finding that all of the 'State defendants' bringing this motion to dismiss are entitled to have the motion granted?

protected by the Eleventh Amendment, thus mandating dismissal of the Federal claims.

The plain and clear language contained within the Constitution of the State of Georgia to the effect that the state does not waive any immunity afforded to it by the Constitution of the United States notwithstanding, plaintiff also advances a theory that, "[d]efendants have contractually promised not to assert its sovereign immunity when it contracted with plaintiff to be a confidential informant." (Plaintiff's Brief, p. 9). Plaintiff also states, "defendants contractual waiver of immunity was given voluntarily and unequivocally . . . " Inasmuch as the court has determined that defendant Ellis was acting in his official capacity as a state officer in his dealings with plaintiff and that a contractual employment relationship did not exist between plaintiff and defendant Ellis, plaintiff's contractual waiver of immunity approach will not be further addressed.

### b. State Law Claims and the Georgia Tort Claims Act

Plaintiff also brings pendant State law claims against all defendants for assault and battery pursuant to O.C.G.A. §§ 51-1-13 and 51-1-14 (Complaint, ¶¶ 44 - 63). The 'State defendants' also seek to have these claims dismissed pursuant to the Georgia Tort Claims Act, O.C.G.A. § 50-21-20 *et seq.* which is in fact a <u>limited</u> waiver of sovereign immunity by the Georgia legislature. (emphasis added). Section 50-21-23 of the Official Code of Georgia is titled 'Limited waiver of sovereign immunity' and provides:

> (a) The state waives it sovereign immunity for the torts of state officers and employees <u>while acting within the scope of their official duties or employment</u> and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances; <u>provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitations set forth in this article.  The state shall have no liability for losses resulting from conduct on the part of state officers or employees</u>

>      which was not within the scope of their official duties or
>      employment.
>
>      (b)  The state waives its sovereign immunity only to the extent and
>      in the manner provided in this article and only with respect to
>      actions brought in the courts of the State of Georgia. The state does
>      not waive any immunity with respect to actions brought in the courts
>      of the United States.

(emphasis added).

Section 50-21-24 of the Official Code of Georgia is titled 'Exceptions to state liability' and provides in pertinent part:

>      The state shall have no liability for losses resulting from: (7)
>      Assault, battery, false imprisonment, false arrest, malicious
>      prosecution, abuse of process, libel, slander, or interference with
>      contractual rights.

(emphasis added)

Under Georgia law it is clear that the assault and battery exceptions to state liability are broad enough to cover rape and any other unwanted sexual touching or conduct. Department of Human Resources v. Coley, 247 Ga. App. 392, 398 (2000); Ardizonne v. Department of Human Resources, 258 Ga. App. 858, 859 (2003).

In light of the above cited legal authorities the 'State defendants' are entitled to have the pendant state law claims dismissed for three separate and distinct reasons. First, the legislature of the State of Georgia clearly has not waived Georgia's sovereign immunity for tort actions brought in the courts of the United States. Second, the assault and battery exceptions to state liability are broad enough to cover rape and other sex crimes. Third, it cannot be seriously argued that the complained of actions of defendant Ellis toward Plaintiff, if proven, were within the scope of his official duties or employment.

For the reasons hereinabove stated the Motion to Dismiss brought by the 'State defendants' in their official capacities is **GRANTED.**

SO ORDERED, this 27th day of July 2006.

                                             */s/ Richard L. Hodge*
                                             RICHARD L. HODGE
                                             UNITED STATES MAGISTRATE JUDGE